E-FILED
Friday, 27 March, 2026  09:58:10 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

ANDREW HARBISON,
    Plaintiff,

v.

JBS USA FOOD COMPANY and
SWIFT PORK COMPANY,
    Defendants/Third-Party Plaintiffs,

v.

SHARKEY TRANSPORTATION, INC.
    Third-Party Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Consolidated Cases**
Case Nos. 24-cv-3159,
24-cv-3196

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Third-Party Defendant Sharkey Transportation Inc.'s Motion

to Dismiss (Doc. 36).

## I.    BACKGROUND

Plaintiff Andrew Harbison alleges he was injured on June 21, 2023, at the

Defendants' premises while working as a spotter employed by Sharkey Transportation

Inc. ("Sharkey"). (Doc. 1-1). He filed two lawsuits in state court against the companies

that owned and operated the parking lot where he was injured, JBS USA Food Company

("JBS") and Swift Pork Company ("Swift").[1] After the case was removed to federal court,

JBS and Swift brought three counts against Sharkey, Harbison's employer. (Doc. 27). JBS

and Swift contend Sharkey entered into a services agreement ("Agreement") and

---

[1] Harbison filed one state case against JBS and another against Swift and JBS USA Holdings, Inc. (Doc. 27 at ¶¶ 1–2). JBS USA Holdings, Inc. has since been terminated as a defendant. (August 20, 2024 Text Order).

Statement of Work requiring Sharkey to obtain insurance coverage naming JBS and Swift as insureds. Count I alleges Sharkey failed to obtain this required insurance coverage in violation of the Agreement. Count II alleges contractual indemnity under the Agreement and Count III seeks contribution in that Sharkey's negligence caused Harbison's injury.

## II.    DISCUSSION

### A.  Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). The court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true and construing all reasonable inferences in the plaintiff's favor. *Id.* at 457. To state a claim for relief, a plaintiff need only provide a "short and plain statement of the claim" showing she is entitled to relief and giving the defendants "'fair notice' of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

### B. Analysis

#### 1. Jurisdiction

As a threshold matter, the Court has jurisdiction over this case. Harbison is an Illinois citizen and JBS and Swift are corporate citizens of Delaware and Colorado. JBS and Swift have now sued Sharkey, making it a third-party defendant. Sharkey is Illinois-based like Harbison. However, this overlap does not defeat the Court's diversity jurisdiction as Sharkey and Harbison are not adverse. *See Fid. & Deposit Co. of Maryland v. City of Sheboygan Falls*, 713 F.2d 1261, 1266 (7th Cir. 1983); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 66 n.1 (1996) ("The fact that [plaintiff] and [third-party defendant] may be co-citizens is completely irrelevant. Unless [plaintiff] chooses to amend his complaint to assert a claim against [third-party defendant], [plaintiff] and [third-party defendant] are simply not adverse, and there need be no basis of jurisdiction between them.") (quotation marks omitted).

#### 2. Breach of Contract (Count I)

Sharkey argues Count I fails to state a plausible claim for breach of contract. In a breach-of-contract claim, a party must prove four elements: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053 (Colo. 1992) (internal citations omitted). [2] Sharkey asserts JBS and Swift did not allege facts establishing a breach of

---

[2] The Court applies Colorado law consistent with the Agreement's choice-of-law provision but would reach the same conclusion under Illinois law as the elements of a breach of contract claim are virtually identical.

contract. The Court disagrees. The Third-Party Complaint identifies the exact provision of the contract that Sharkey allegedly breached by failing "to obtain insurance coverage naming them as certificate holders, additional insureds or loss payees under any policy of insurance." (Doc. 27 at ¶¶ 14–15). JBS and Swift are not required to explain exactly how Sharkey's insurance coverage was non-compliant with the Agreement. JBS and Swift have, as required, provided a "short and plain statement" showing they are entitled to relief. Fed. R. Civ. P. 8(a)(2). Therefore, Sharkey's motion is denied as to Count I.

### 3. Contractual Indemnity (Count II)

Sharkey argues Count II should be dismissed because it is barred by the Colorado's Worker's Compensation Act ("Colorado Act" or "Act").[3] Colo. Rev. Stat. § 8-40-101 *et seq.* The Colorado Act "establishes the benefits available to workers injured in the course and scope of employment and the procedures for obtaining those benefits." *Rundle v. Frontier-Kemper Constructors, Inc.*, 170 F. Supp. 2d 1075, 1077–78 (D. Colo. 2001) (citing *Duran v. Indus. Claim Appeals Office*, 883 P.2d 477, 479 (Colo. 1994)). In return for these benefits and coverage, an employer who "has brought itself within the ambit of the [Act] . . . is not subject to a common law action for damages, and the employee is limited to the remedies specified in the Act." *Hilzer v. MacDonald*, 169 Colo. 230, 237 (1969) (citations omitted). This prohibition extends to common law indemnity claims. *Id.* ("The terms of [the Act] not only limit the employer's liability to his employee but also preclude

---

*See Nat'l Prod. Workers Union Ins. Tr. v. Cigna Corp.*, 665 F.3d 897, 905 (7th Cir. 2011); *see also Townsend v. Sears, Roebuck & Co.*, 227 Ill.2d 147, 156 (2007) ("A choice-of-law determination is required only when a difference in law will make a difference in the outcome.").

[3] Both parties agree Colorado law should apply to Count II under the Agreement's choice-of-law clause.

liability to third persons for indemnification.") (citations omitted); *Pub. Serv. Co. of Colorado v. Dist. Ct. In & For City & Cnty. of Denver*, 638 P.2d 772, 776 (Colo. 1981) ("[T]his court has held that an employer who has complied with the Workmen's Compensation Act cannot be held liable for indemnification to third parties.") (citations omitted).

JBS and Swift maintain the Colorado Act does not bar their contractual indemnification claim because (1) the Act only bars indemnity claims under common law, not contract, and (2) Sharkey is not subject to the Act's exclusivity provisions because it has not brought itself within the Act's ambit. JBS and Swift correctly state other courts have found that "a cause of action based on a contractual right of indemnity is independent of the exclusive jurisdiction provisions of Colorado's Workmen's Compensation Act." *Borroel v. Lakeshore, Inc.*, 618 F. Supp. 354, 359 (D. Colo. 1985); *see also United Cable Television of Jeffco, Inc. v. Montgomery LC, Inc.*, 942 P.2d 1230, 1233 (Colo. App. 1996) ("[T]he Act does not immunize an employer from a claim based on an express indemnity agreement."); *Dutchmen Mfg., Inc. v. Reynolds*, 849 N.E.2d 516, 524 n.5 (Ind. 2006) (favorably citing *Borroel*).

Sharkey argues the authority relied upon by JBS and Swift conflict with the Colorado Act's "true purpose," which is to provide blanket immunity from all liability outside that imposed by the Act itself. In support of its argument, Sharkey directs the Court to cases discussing the sweeping nature of the Colorado Act's exclusivity provisions but does not provide any authority specifically addressing contractual indemnity. Notably, the cases that do address contractual indemnity have found that

allowing contractual indemnity claims to move forward favors freedom of contract and does not conflict with the Colorado Act's policy, which is "to protect employees who suffer injuries arising out of their employment and to give injured workers a reliable source of compensation." *Borroel*, 618 F. Supp. at 359 (quoting *Engelbrecht v. Hartford Accident and Indemnity Co.*, 680 P.2d 231 (Colo. 1984)). Therefore, the Colorado Act does not bar Count II.

For the Act's exclusivity provisions to apply, an employer must have "complied with the provisions of articles 40 to 47 of this title." C.R.S.A. § 8-41-102. Sharkey does not identify how it complied with the necessary articles. Neither Sharkey nor Harbison are located in Colorado and Sharkey's settlement with Harbison was approved by the Illinois Workers' Compensation Commission pursuant to Illinois' Worker's Compensation Act. (Doc. 36-3). Sharkey offers no support for its argument that paying worker's compensation pursuant to Illinois law makes it subject to the Colorado Act. For the above reasons, Sharkey's request to dismiss Count II is denied.[4]

---

[4] Sharkey argues under Illinoi law, JBS and Swift have not sufficiently pled a claim for indemnification because the indemnification clause is not "without limitation" but is rather cabined to only encompass Sharkey's pro rata share of negligence. Sharkey argues the contractual indemnity claim is redundant because it is functionally a contribution claim masquerading as a contract claim. Sharkey does not point to any legal authority requiring the Court to dismiss a claim made under one legal theory because it seeks the same remedy as a claim made under another legal theory. *See Frazer v. A.F. Munsterman, Inc.* 123 Ill.2d 245, 254 (1988). ("Indemnity and contribution are mutually exclusive remedies for allocating a plaintiff's damages among joint tortfeasors with liability to the plaintiff.").

### 4. Contribution (Count III)

#### a) Choice of Law

Sharkey contends Colorado law applies to the contribution claim while JBS and Swift contend Illinois law governs. Their disagreement centers on whether the choice-of-law provision in the Agreement applies to tort claims, specifically contribution. *Guerino v. Depot Place P'ship*, 191 Ill.2d 314, 322 (2000) ("Contribution liability is predicated on tort, not contract, liability."). The provision states that "[t]his Agreement, including its interpretation, performance and enforcement shall be governed by and construed in accordance with the laws of the State of Colorado." (Doc. 27-1 at 4).

A federal court exercising diversity jurisdiction applies the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).[5] In Illinois, "courts first examine the breadth and language of the choice-of-law provision to determine whether the parties intended the choice-of-law provision to govern all claims between them." *Medline Indus. Inc. v. Maersk Med. Ltd.*, 230 F. Supp. 2d 857 (N.D. Ill. 2002). Thus, the question for the Court is not whether choice-of-law provisions abstractly govern tort claims but whether the specific choice-of-law provision in the Agreement governs tort claims. *See Kuehn v. Childrens Hosp., Los Angeles*, 119 F.3d 1296, 1302 (7th Cir. 1997) ("One can, it is true, find cases that say that contractual choice of law provisions

---

[5] Under Illinois law, courts do not honor a contract's choice-of-law provisions when "(1) the chosen state has no substantial relationship to the parties or the transaction; or (2) application of the chosen law would be contrary to a fundamental public policy of a state with a materially greater interest in the issue in dispute." *Pactiv LLC v. Perez*, No. 20 CV 01296, 2020 WL 7123070, at *2 (N.D. Ill. Dec. 4, 2020) (citing cases and quoting *Brown and Brown, Inc. v. Mudron*, 379 Ill.App.3d 724, 727 (2008)). JBS and Swift don't argue that this case falls under either of these two exceptions, so the Court need not address them.

govern only contractual disputes and not torts. But what the cases actually hold is that such a provision will not be construed to govern tort as well as contract disputes unless it is clear that this is what the parties intended."). (citations omitted). Here, the choice-of-law provision is devoid of any indication that the parties wanted tort claims to be governed by Colorado law. Instead, the plain language of the choice-of-law provision appears limited to contractual disputes, not tort claims.

Even if a choice-of-law clause does not explicitly encompass tort actions, "tort claims that are dependent upon the contract are subject to a contract's choice-of-law clause." *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 307 (7th Cir. 2018) (internal quotation marks omitted). To determine whether a tort claim is dependent on a contract, "courts examine whether the action alleges a wrong based upon the interpretation and construction of the contract, or whether the claim alleges elements constituting an independent tort." *Id.* (internal quotation marks omitted). Here, JBS and Swift's contribution claim does not contain any mention of the Agreement and does not appear dependent on the Agreement in any material way. Rather, the claim accuses Sharkey of carelessly and negligently training Harbison. Even if the Agreement could in some way be later implicated in the adjudication of the contribution claim, Sharkey has not shown that the claim "could not exist without the contract." *Amakua Dev. LLC v. Warner*, 411 F. Supp. 2d 941, 955 (N.D. Ill. 2006) (finding a fraud claim alleging a party entered a contract intending to not effect performance was dependent on the contract). Furthermore, the parties could have easily broadened the choice-of-law clause's scope to include tort

claims but did not. *See Gallagher v. Lenart*, 367 Ill. App. 3d 293, 301 (2006) ("A presumption exists against provisions that easily could have been included in the contract but were not."). Therefore, the Court finds the choice-of-law provision in the Agreement does not govern tort claims.

The Court's decision is consistent with other district courts in Illinois. In *Union Oil Company v. John Brown E. & C.*, a plaintiff sued a contractor for breach of a construction contract as well as for negligence and gross negligence on the same project under an agreement containing a similar choice-of-law provision. No. 94 C 4424, 1994 WL 535108 at *1 (N.D. Ill. Sept. 30, 1994). The court held the provision did not apply to the negligence and gross negligence claims as it did not clearly indicate the parties intended that all claims arising from the construction project would be subject to California law. *Id.* at *2–3. Other courts have found similar choice-of-law provisions to be inapplicable to tort claims. *See Precision Screen Machines Inc. v. Elexon, Inc.*, No. 95 C 1730, 1996 WL 495564, at *2 (N.D. Ill. Aug. 28, 1996) (interpreting "[t]his letter shall be governed by, and construed in accordance with, the internal laws of the State of New Jersey" to not apply to tort claims). Therefore, the Court will apply Illinois substantive law to Count III.

### b) Application of Illinois Law

Sharkey contends it is not liable for contribution to JBS and Swift under the Illinois Workers' Compensation Act ("Compensation Act") and the Illinois Contribution Among Joint Tortfeasors Act ("Contribution Act"). To properly appraise Sharkey's argument, the Court must examine the purpose of these two acts and navigate the relationship (and

tension) between them. The Compensation Act "generally provides the exclusive means by which an employee can recover against an employer for a work-related injury." *McDonald v. Symphony Bronzeville Park, LLC*, 2022 IL 126511, ¶ 32 (quoting *Folta v. Ferro Engineering*, 2015 IL 118070, ¶ 14 (overridden on other grounds)). The Contribution Act, as the name suggests, sets forth a scheme governing contribution claims.

JBS and Swift have brought a contribution claim (implicating the Contribution Act) related to a work injury (implicating the Compensation Act). To harmonize these two acts, courts have found that even though the Compensation Act provides the exclusive remedies available to employees, employers can still be liable to third parties for contribution claims under the Contribution Act. *Doyle v. Rhodes*, 101 Ill.2d 1, 14 (1984) ("[U]nder the Contribution Act, the employer's immunity from a suit in tort by its employee as plaintiff is not a bar to a claim for contribution against it by a defendant held liable to such a plaintiff."). The Illinois Supreme Court has recognized that the Compensation Act and Contribution Act embody competing interests in that the Compensation Act restricts an employer's liability to funnel an employee's claims through the worker's compensation system, and the Contribution Act codifies "the equitable interests of [a] third-party defendant in not being forced to pay more than its established fault." *Virginia Sur. Co. v. N. Ins. Co. of New York*, 224 Ill.2d 550, 558 (2007) (citing *Kotecki v. Cyclops Welding Corp.*, 146 Ill.2d 155, 164–65 (1991)).

Illinois courts have reconciled these interests by establishing the following rule: an employer's contribution liability to a third-party plaintiff is limited to the amount it is

liable to an employee under the Compensation Act. *Kotecki*, 146 Ill.2d at 165; *see also Guerrero v. Sebastian Contracting Corp.*, 321 Ill.App.3d 32, 35 n.1 (2001) ("An employer's contribution liability to a third-party plaintiff is limited to the amount of workers' compensation benefits paid by the employer.") (citations omitted). This rule "allows the third party to obtain limited contribution but substantially preserves the employer's interest in not paying more than workers' compensation liability." *Kotecki*, 146 Ill.2d at 165 (quoting *Lambertson v. Cincinnati Corp.* 312 Minn. 114, 119–20 (1977)). The exact amount Sharkey is arguably liable for is not before the Court, but this analysis is necessary to demonstrate that Sharkey's settlement with Harbison pursuant to the Compensation Act does not bar JBS and Swift from seeking contribution. The Compensation Act limits how much JBS and Swift can recover from Sharkey but does not entirely preclude their claim.

Sharkey attempts to carve out an exception to the precedent discussed above which would functionally overturn the rule. Sharkey relies on dicta in *Guerrero* to argue that once it settled with Harbison, all tort liability stemming from Harbison's injury was extinguished including the contribution claim. In *Guerrero*, the court rejected in dicta[6] the argument that an employer's liability is only partially extinguished by settling with an employee. 321 Ill.App.3d at 40. The court, interpreting *Doyle*, stated that an employer is no longer "subject to liability in tort" to its employee once it settles with the employee

---

[6] The *Guerrero* decision found that under Section 2(e) of the Contribution Act, a settlement between a party and the widow of a deceased employee injured on-the-job barred the settling party from bringing a contribution claim against the decedent's employer. 746 N.E.2d at 852. Section 2(e) is not relevant here because only Sharkey has settled with Harbison, not JBS and Swift. 740 ILCS 100/2 § 2(e).

under the Compensation Act. *Id.* Sharkey takes this analysis and stretches it beyond its scope. The analysis relies in part on language in the Contribution Act which states that a right for contribution exists when one is "subject to liability in tort." 740 ILCS 100/2(a) (2005). Sharkey argues that because it settled with Harbison, it is no longer "subject to liability in tort" and JBS and Swift's right to contribution no longer exists. This reasoning is not persuasive. For one, *Guerrero's* finding addressed an employer's liability to its employee, not a third-party. Second, the Illinois Supreme Court has already determined "the phrase in the Contribution Act, 'subject to liability in tort' . . . [does] not exempt employers who pay workers' compensation benefits to the injured employee." *Kotecki*, 146 Ill.2d at 159 (citing *Doyle*, 101 Ill.2d at 10–11). Therefore, Sharkey's Motion is denied as to Count III.

## III.    CONCLUSION

Accordingly, Sharkey's Motion to Dismiss, (Doc. 36), is DENIED and its Motion for Order, (Doc. 61), is Moot with entry of this Order. Sharkey has 21 days from the entry of this Opinion to file an Answer to the Third-Party Complaint.

ENTER: *March 26, 2026*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE